UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PHILLIP GORDON DOSSKEY,

        Petitioner,        3:13-cv-02185-SU

        v.        FINDINGS AND
                RECOMMENDATION

MARION FEATHER, WARDEN,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons, filed a petition under 28 U.S.C. § 2241 alleging three claims for relief. Respondent now moves to deny relief and dismiss this proceeding.

    In Claim One petitioner alleges that he is being "denied his request for Final Disposition of the Detainers lodged against him in New Mexico Case No. M-40-FR-200500123 and Idaho Case no: CRF-2006-7918 in violation of Article III (a) of the

1 - FINDINGS AND RECOMMENDATION

Interstate Agreement on Detainers Act." Petition (#2) p. 2. Petitioner seeks to have this court "enter an order dismissing (the detainers) with prejudice."

Under the Interstate Agreement on Detainers, petitioner's request that the pending state charges be dismissed should be directed to the jurisdictions in which the alleged untried indictment, information, or complaints are pending. *See*, IAD § 2, Art III; 18 U.S.C. App. 2. This court has no jurisdiction to dismiss the pending state charges.

Moreover, the record reflects that the State of New Mexico has never lodged a detainer with the BOP against petitioner. Kallunki Declaration (#14) p. 4.

In addition, the Idaho state charges involve an alleged probation violation. Petition (#2) p. 2; Kallunki Declaration (#14) p. 4-5. The provisions of the IAD only apply to detainers based on charges of an "untried indictment, information, or complaint," and does not apply to detainers based on probation violations of criminal offenses for which the defendant has already been convicted. *See,* 18 U.S.C. App. 2, Art. III; <u>Carchman v Nash</u>, 473 U.S. 716, 725-26 (1985).

In Claim 2 petitioner alleges that his "rights in accordance with Art. III(b)&(c) of the I.A.D.A. are being violated by respondent because at no time did the Respondent, 'promptly inform him of the source and contents of any

2 - FINDINGS AND RECOMMENDATION

detainer lodged against him, and never informed him of his right to make a Request for Final Disposition of the indictment, information, or complaint on which the detainer is based.'" Petition (#2) p. 3.

As noted set forth above, the New Mexico authorities never lodged a detainer against petitioner, and the detainer lodged by the Idaho authorities involved a probation violation which is not subject to the provisions of the IAD.

In Claim 3 petitioner seeks to challenge the BOP's determination that he is ineligible for early release under RDAP and 18 U.S.C. § 3621(e). However, this court lacks subject matter jurisdiction to review the BOP's individualized RDAP determination. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); *see also*, Peck v. Thomas, 697 F.3d 767, 774 (9th Cir) 2012), *and* Jacks v. Crabtree, 114 F.3d 983, 986 n. 4 (9th Cir. 1997) (§3621 does not creat a liberty interest in a sentence reduction).

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

3 - FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 13th day of May, 2014.

                                     /s/ PATRICIA SULLIVAN
                                     Patricia Sullivan
                                     United States Magistrate Judge